# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER EARL, JR. OLIVER,<br><br>Plaintiff<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 1:25-cv-00758-EGC<br><br>**ORDER TO PLAINTIFF AND DEFENDANT TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 14) |

Defendant Nissan North America, Inc., removed this action from Fresno County Superior Court on June 20, 2025. (Doc. 1).

On September 30, 2025, the Court issued a scheduling order, directing the parties to comply with Local Rules 281 and 282 that governs the filing of pretrial statements. (Doc. 14 at 5–6). Per the local rules, the parties are required to file joint pretrial statements no less than seven (7) days before the pretrial conference. (See E.D. Cal. Local Rule 281).

The parties were warned that "Should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered." (Doc. 14 at 8).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court

of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court impose sanctions, including terminating sanctions, for a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (imposing terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing terminating sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (sanctions for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff Walter Earl Jr. Oliver and Nissan North America, Inc, are thereby **ORDERED** to show cause within five (5) days why monetary sanctions should not be imposed for failure to follow the Court's order. In the alternative, counsel for the parties may file their joint pretrial report by Monday, November 2, 2026.

At this time, the Court will maintain the November 4, 2026 pretrial conference date. The attorneys for the parties are ORDERED to appear in person.

IT IS SO ORDERED.

Dated: **October 29, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE